Hector Ramirez, Living man,
Executor, Beneficiary for
HECTOR RAMIREZ
755 W. ASTER PL.
Santa Ana, CA 92706
Defendant, Counter-Claimant,
Third-Party Plaintiff in Pro Se



FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 30 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISCTRICT OF CALIFORNIA

WELLS FARGO BANK, N.A.,
SUCCESSOR BY MERGER TO WELLS
FARGO BANK MINNESOTA, N.A., FKA
NORWEST BANK MINNESOTA, N.A.,
SOLELY AS TRUSTEE,

Plaintiff,

v.

HECTOR RAMIREZ and DOES 1 through
10 inclusive,
Defendants.

Case No.: CV12-03715 DDP(JCGx)

Case No.: 30-2012 00537596
NOTICE OF REMOVAL;

F.R.CIV.P.64(b) REPLEVIN;

F.R.CIV.P.70(b)VESTING TITLE;

F.R.CIV.P.81(c) REMOVED
ACTIONS;

1. U.S. CONST. AMENDMENT IV;
2. U.S. CONST. AMENDMENT VII;
3. U.S. CONST. AMENDMENT XIV" ,
4. SECURITIES AND EXCHANGE ACT OF 1934 Sec.10 SECURITIES FRAUD;
5. SECURITIES ACT OF 1933 Sec. 5. Prohibitions relating to Interstate Commerce and the Mails;
6. SECURITIES ACT OF 1933 Sec. 10. Improper Prospectus information;
7. SECURITIES ACT OF 1933 Sec. II. Civil Liabilities on Account of False Registration Statement;
8. SECURITIES ACT OF 1933 Sec.

1

12. Civil Liabilities Arising in Connection with Prospectuses and Communications;
9.  SECURITIES ACT OF 1933 Sec. 15. Aid and Abet;
10. SECURITIES ACT OF 1933 Sec. 17. Fraudulent Interstate Transactions;
11. SECURITIES ACT OF 1933 Sec. 22. Jurisdiction of Offenses and Suits;
12. QUIET TITLE
13. 15 U.S.C. Sec. 1962g VALIDATION OF DEBTS;
14. R.I.C.O. 18 U.S.C. Sec. 1962 et seq.;
15. 15 U.S.C. Sec. 1681 Fair Credit Reporting Act;
16. 18 U.S.C. Sec. 1956 Laundering of Monetary Instruments;
17. 18 U.S.C. Sec. 495 Contracts, Deeds, and Powers of Attorney;
18.  18 U.S.C. Sec. 473 Dealing in Counterfeit Obligations or Securities;
19. 18 U.S.C. Sec. 474 Plates Stones, or Analog, Digital, or Electronic Images for Counterfeiting Obligations or Securities;
20. California Civil Code 2929; 2923.5 et seq.; 2933; 2924; 2932.5; 2935-2937;
21. California Business & Professions Code 17000, 17200-17210; California Civil Code 1710(1) Fraud and Deceit;
22. California Civil Code 1095;
23. Rescission of Trustee's Deed Upon Sale California Civil Code 1058.5;
24. Recoupment California Civil

2

NOTICE OF REMOVAL

Code 676.6 et seq. ;
25. California Commercial Code
3106;3201;3301;3302;3306;
3307; 3308;3309; 960 I;
26. INJUNCTIVE
DECLARATORY RELIEF;

COUNTER-CLAIM, THIRD PARTY
COMPLAINT FILED
CONCURRENTLY WITH NOTICE
OF REMOVAL

TRIAL BY JURY DEMAND

## COUNTER-CLAIM, THIRD-PARTY COMPLAINT

Defendant, counter-claimant Third-Party Plaintiff Hector Ramirez in good faith respectfully submits this Counter-claim and Third-Party Complaint

## PARTIES

## PLAINTIFF

WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, N.A., FKA NORWEST BANK MINNESOTA, N.A., SOLELY AS TRUSTEE, in the business of funding and securitizing mortgages.

## DEFENDANT,

## COUNTER-CLAIMANT, THIRD-PARTY PLAINTIFF

Defendant, Counter-claimant Third-Party Plaintiff Hector Ramirez a living, flesh and blood man made in the image of God and at all times herein was the owner and is a consumer in equitable interest of his subject property and currently resides in the State of California, County of Orange addressed at 755 West Aster Place, Santa Ana, CA [92706].

## THIRD-PARTY DEFENDANTS

3

1  BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION, an unknown
2  company whose address is 9201 East Mountain View Road Suite 210, Scottsdale,
3  AZ 85258; EMC MORTGAGE CORPORATION, an unknown company whose address
4  is 2780 Lake Vista Drive, Lewisville, TX 75067; STRUCTURED ASSET MORTGAGE
5  INVESTMENTS II, INC. , an unknown company whose address is 383 Madison
6  Avenue, New York, NY 10179; BEAR STEARNS MORTGAGE FUNDING TRUST 2007-
7  AR2, an unknown company whose address is 9062 Old Annapolis Road, Columbia
8  Maryland 21045;  WELLS FARGO BANK NATIONAL ASSOCIATION 9062 Old Annapolis
9  Road, Columbia, Maryland 21045, an unknown company whose address is; JP MORGAN
10  CHASE BANK NA FKA WAMU, an unknown company whose address is 818 W.
11  Seventh Street, ORANGE CA 90017  ; MORTGAGE ELECTRONIC REGISTRATION
12  SYSTEMS, INC. , an unknown company whose address is P.O. Box 2026, Flint, MI
13  48501-2026 , CHICAGO TITLE , an unknown company whose address is (Agent for
14  Service of Process CT Corporation System) 818 W. Seventh Street, ORANGE CA
15  90017 ; QUALITY LOAN SERVICE CORPORATION , an unknown company whose
16  address is 2141 5ᵗʰ Avenue, San Diego, CA 92101; GREG ALLEN an individual, an
17  unknown individual whose address is P.O. Box 2026, Flint, MI 48501-2026  ;
18  JAMES C. MORRIS an individual , an unknown notary of Minnesota.
19     Defendant, Counter-Claimant, Third-Party Plaintiff Hector Ramirez is unaware
20  of the true names and capacities, whether individual, corporate associate, or
21  otherwise of Third-Party Defendants Does I through 10, inclusive and therefore
22  sues Third-Party Defendants by such fictitious name and will ask leave of court, if
23  necessary, to amend this Counter-Claim, Third-Party Complaint to show the true
24  names and capacities when the same have been ascertained.
25
26
27                        **NATURE OF ACTION**
28  Defendant, counter-claimant, Third-Party Plaintiff Hector Ramirez submits this
Counter-Claim, Third-Party Complaint pursuant to Civil Procedure Rule 13, Rule

4

14, Rule 81 (c) Removal, Rule 64 Replevin. Defendants Counter-Claimants, Third-Party Plaintiff was misled, deceived, deprived from his Real Property by Plaintiff and Third Party-Defendants committing an illegal, wrongful sale of my Real Property on December 14, 2011 via fraudulent foreclosure proceedings, fraudulent documents and practices. The Wrongful Sale failed to comply with multiple Federal and State Laws engaged in organized crime by the fabrication of insolvent documents pertaining to fraudulent foreclosure proceedings willfully committed by Third-Party Defendants and Plaintiff against Defendant, Counter-claimant, Third-Party Plaintiff Hector Ramirez an American Citizen, Defendant, Counter-Claimant, Third-Party Plaintiff in good faith seeks Due Process of Law in The united states District Court, Central District of California as Demanded by The Constitution of The United States of America Amendments IV, VII, XIV.

Justice and Discovery is requested in this Court pursuant to the unknown facts of the whereabouts of the true owner (Creditor) of the indebtedness of the subject Promissory Notes secured by a Deed of Trust.

Plaintiff WELLS FARGO BANK, N.A., SUCCESSOR BY MERGERT TO WELLS FARGO BANK MINNESOTA, N.A. FKA NORWEST BANK MINNESOTA, N.A., SOLELY AS TRUSTEE is part of the Securitization scheme that has my MBS in the Trust. They did not purchase the property. It is part of an Illusion created by the Third-Party Defendants to steal my home.

Third-Party Plaintiff's note was sold and converted to a Mortgage Backed Security, which was placed in a Trust Pooled, BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR2 under New York Trust Law by way of a Pooling and Service Agreement. (see Pooling and Service Agreement registered at SEC Government web link;

http://www.sec.gov/Archives/edgar/data/1387824/000106823807000321/exhibit_10-1.htm

This is Authenticated Clear Evidence that my property was securitized, by placing my MORTGAGE BACKED SECURITY in a New York Trust (BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2 and registered with the Security Exchange Commission then structured as High Risk to Low Risk Certificates, fractionalized and sold to investors.

### Pooling and Servicing Agreement (*"Pooling and Servicing Agreement"*) relating to BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR2

In accordance with and subject to the provisions of Section 2.02 of the Pooling and Servicing Agreement, the undersigned, as Custodian, hereby certifies that, except for the exceptions noted on the schedule attached hereto, (a) all documents required to be delivered to the Custodian pursuant to Sections 2.01(a)(i) through (iv) and (ix)(b), (c) (solely to the extent of the UCC-1), (g) and (h), and if delivered to it, the documents identified in Section 2.01(a)(v) through (vii) and (ix)(c) (solely to the extent of the UCC-3) and (f) of the Pooling and Servicing Agreement are in its possession, (b) such documents have been reviewed by it and have not been mutilated, damaged, defaced, torn or otherwise physically altered, and such documents relate to such Mortgage Loan, (c) based on its review and examination and only as to the foregoing documents, such documents appear regular on their face and related to such Mortgage Loan and (d) each Mortgage Note has been endorsed and each assignment of Mortgage has been delivered as provided in Section 2.01 of the Pooling and Servicing Agreement. The Custodian has made no independent examination of any documents contained in each Mortgage File beyond the review specifically mentioned above.  The Custodian makes no representations as to:  (i) the validity, legality, sufficiency, enforceability or genuineness of any of the documents delivered in accordance with Section 2.01 of the Pooling and Servicing Agreement or any of the Mortgage Loans identified in the Mortgage Loan Schedule, or (ii) the collectibility, insurability, effectiveness or suitability of any such Mortgage Loan.

The Custodian acknowledges receipt of notice that the Depositor has granted to the Trustee for the benefit of the Certificate holders a security interest in all of the Depositor's right, title and interest in and to the Mortgage Loans.

The Pooling and Service Agreement clearly states that the Trustee has a security interest in all of the Depositor's right, title and interest in and to the Mortgage Backed Securities.  This is clear evidence that no one entity has the lawful authority to foreclose on Third-Party Plaintiff's property.

The Governing Law of the Pooling and Service Agreement registered with the SEC and falls under Article XI Miscellaneous Provisions; Section 11.06 GOVERNING Law; JURISDICTION.   This Agreement shall be construed in accordance with the laws of the **State of New York**, and the obligations, rights and remedies of the parties hereunder shall be determined in accordance with such laws, without giving effect to principles of conflicts of laws.

A Bloomberg Report of the Prospectus Filing shows the **BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2** very active where Third-Party Plaintiff's MBS is held.

# Bloomberg Report:



BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2 ON BLOOMBERG
Bloomberg.com

LOAN NUMBER / NAME OF TRUST       GROUP/STATUS       LOAN NUMBER

NOTICE OF REMOVAL

Name of Trust that is confirmed on document # 2006000875748

Discovery is requested by Defendant, Counter-Claimants, Third-Party Plaintiff in this court pursuant to Federal Rules of evidence Rule 901 and Rule 1002 to be proven by Plaintiff and Third-Party Defendants in order to show lawful ownership and standing of a creditor to be eligible to collect any indebtedness from the subject Promissory Note in question.

Plaintiff WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, N.A., FKA NORWEST BANK MINNESOTA, N.A., SOLELY AS TRUSTEE, and Third-Party Defendants filed a fraudulent Trustee's Deed Upon Sale with the Orange County Recorder's Office and the Santa Ana Superior Court inducing reliance of this document to perpetrate its fraud.

Third-Party Plaintiff moves the Court to have Plaintiff and Third-Party Defendant's show only original authentic wet ink documents.

## JURISDICTION

Jurisdiction is conferred pursuant 28 U.S.C. 1331 to the subject Real Property in question is in boundary of the United States District Court, Central District of California. Venue is appropriate pursuant to F.R.CIV.P.13. COUNTERCLAIM; F.R.CIV.P.14. THIRD-PARTY; F.R.CIV.P.64(b) REPLEVIN; F.R.CIV.P.70(b)VESTING TITLE; F.R.CIV.P.81(c) REMOVED ACTIONS; 28 U.S.C. Sec. 1441; and 28 U.S.C. Sec. 1331; 28 U.S.C. Sec. 1332.

## FACTS

At all times relevant herein Defendant, Counter-Claimant, Third-Patty Plaintiff was the owner of record, and is the "Real Party In Interest" under F.R.C.P. 17 and consumer in equitable title interest of the subject "Promissory Note" secured by a

Deed of Trust in the State of California, County of Orange encumbering his Real

Property subject to this litigation in Judicial Question, located at 755 West Aster

Place, Santa Ana, CA 92706.

On December 29, 2006 Defendant, Counter-Claimant, Third-Party Plaintiff

Hector Ramirez entered in to a contract/Deed of Trust with BEAR STEARNS

RESIDENTIAL MORTGAGE CORPORATION The contract/Deed of Trust never

disclosed the Securitization Scheme to Defendant, Counter-Claimant, Third-Party

Plaintiff, Hector Ramirez.

Plaintiff and Third-Party Defendants owed Defendant a fiduciary

responsibility to disclose all schemes, plans and plots of the Deed of

Trust/Contract, because they had the Superior bargaining knowledge of what was

going to happen to Third-Party Plaintiff's Note and signature.

Plaintiff and Third-Party Defendant's premeditated their acts of conspiracy to

defraud Third-Party Plaintiff of his property.

On December 27, 2006 Defendant, Counter-Claimant, Third-Party Plaintiff

Hector Ramirez executed what was represented to him as loan documents for a loan

that he would receive that included a "Deed of Trust" in favor of Third-Party

Defendant BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION, a

California Corporation in the amount of $967,861.00. Third-Party Defendant

CHICAGO TITLE, as Trustee of the Deed of Trust.

NOTICE OF REMOVAL

## EXHIBIT 1 DEED OF TRUST DOC. 2006000875748

Third-Party Plaintiff was never given any copies of the Promissory Note to the Deed of Trust that he signed.

Third-Party Defendant BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION sold the alleged Loan/Mortgage whereby it converted Counter-Claimant Third-Party Plaintiffs, "Promissory Note" into a MORTGAGE BACKED SECURITY and placed it with BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2, who in turn pooled it with MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR2.

The conversion of Third-Party Plaintiff's Note into a MBS was structured by was of a Pooling and Servicing Agreement engaging the Promissory Note of Defendant, Counter-Claimant, Third-Party Plaintiff. The Mortgage Backed Security was pooled with MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR2. Please see pooling and servicing agreement, Sarbanes Oxley Certification Section 3.18(a)(iv)(D); **Each Form 10-K shall include a certification (the "Sarbanes-Oxley Certification") required to be included therewith pursuant to the Sarbanes-Oxley Act. The Trustee shall, and the Servicer shall cause any subservicer or subcontractor engaged by it to, provide to the Person who signs the Sarbanes-Oxley Certification (the "Certifying Person"), by March 10 of each year in which the Trust is subject**

10

**to the reporting requirements of the Exchange Act and otherwise within a**

**reasonable period of time upon request, a certification (each, a "Back-Up**

**Certification"), in the form attached hereto as Exhibit Q-1 or Exhibit Q-2, as**

**applicable, upon which the Certifying Person, the entity for which the**

**Certifying Person acts as an officer, and such entity's officers, directors and**

**Affiliates (collectively with the Certifying Person, "Certification Parties")**

**can reasonably rely. The senior officer of the Servicer in charge of the**

**servicing function shall serve as the Certifying Person on behalf of the**

**Trust.;** Current Report filed in The Securities and Exchange Commission website:

http://www.sec.gov/Archives/edgar/data/1387824/000106823807000321/exhibit_10

-1.htm

Please see attached first ten pages of the Pooling and Service agreement;

**EXHIBIT 2 POOLING AND SERVICING AGREEMENT AND 8K REPORT**

On January 26, 2009 Third-Party Defendant QUALITY LOAN SERVICE

CORPORATION for the Beneficiary By: LSI TITLE COMPANY its Agent,

executes a Notice of Default in favor of Plaintiff BEAR STEARNS RESIDENTIAL

MORTGAGE CORPORATION  The Notice of Default was recorded on January

26, 2009 as Document Number 2009000033046 against the Real Property of

Defendant, Counter-Claimant, and Third-Party Plaintiff Hector Ramirez. Please see

attached;

**EXHIBIT 3 NOTICE OF DEFAULT DOC. 2009000033046**

On March 09, 2009 Third-Party Defendant MERS, as beneficiary for BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION, executes a Substitution of Trustee substituting Third-Party Defendant QUALITY LOAN SERVICE CORPORATION as trustee without any lawful authority to perform any actions against Third-Party Plaintiff's property.  The Substitution of Trustee was recorded on March 09, 2009 in the State of California, County of Orange Recorder's Office Document Number 2009000108685. The Substitution of Trustee is a counterfeit fabricated in a document sweat shop. The Following defects are evident, signatures of Greg Allen on behalf of MERS is a forged signature as is James C. Morris the Public Notary. The sweat shop document created failed to discover that this document was under penalty of perjury under the laws of the State of California. Please see attached;

**EXHIBIT 4 SUBSTITUTION OF TRUSTEE DOC. 2009000108685**

On July 21, 2011 Third-Party Defendant QUALITY LOAN SERVICE CORPORATION, acknowledges and unpaid debt in the amount of $1,236.579.41 in favor of Third-Party Defendant BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION.  The Notice of Trustee's Sale was recorded on July 21, 2011  in the State of California, County of Orange Recorders Office Document Number 2011-000354108 please see attached;

NOTICE OF REMOVAL

**EXHIBIT 5 NOTICE OF TRUSTEE'S SALE DOC. 2011-000354108**

On December 20, 2011 Third-Party Defendant QUALITY LOAN SERVICE CORPORATION, as trustee grants and conveys without warranty or covenant of the Real Property of Defendant, Counter-Claimant, Third-Party Plaintiff in favor of Plaintiff WELLS FARGO BANK, N.A., SUCCESSOR BY MERGERT TO WELLS FARGO BANK MINNESOTA, N.A. FKA NORWEST BANK MINNESOTA, N.A., SOLELY AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE NVESTMENTS II INC., BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR2 AND THIRD-PARTY Defendants in the amount of $1,297,500.57. The Trustee's Deed Upon Sale was recorded in the State of California, County of Orange Recorder's Office on December 20, 2011 Document Number 2011000665246 in favor of Plaintiff WELLS FARGO BANK, N.A., SUCCESSOR BY MERGERT TO WELLS FARGO BANK MINNESOTA, N.A. FKA NORWEST BANK MINNESOTA, N.A., SOLELY AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE NVESTMENTS II INC., BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR2, SOLELY AS TRUSTEE, all of its right title and interest in and BENEFICIAL INTEREST please see attached;

**EXHIBIT 6 TRUSTEE'S DEED UPON SALE DOC. 2011000665246**

13

Defendant, Counter-Claimant, Third-Party Plaintiff, OBJECTS and challenges all of the wrongful accounting committed by Third-Party Defendant QUALITY LOAN SERVICE CORPORATION, as trustee and Plaintiff, WELLS FARGO BANK, N.A., SUCCESSOR BY MERGERT TO WELLS FARGO BANK MINNESOTA, N.A. FKA NORWEST BANK MINNESOTA, N.A., SOLELY AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE NVESTMENTS II INC., BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR2, SOLELY AS TRUSTEE HAVE NO LEGAL STANDING OF A CREDITOR OR A HOLDER IN DUE COURSE AND HAVE FAILED TO VALIDATE the Promissory Notes Indebtedness as required by Federal law prior to issuing any claim of any property or debt. In violation of Validation of Debts Fair Debt Collection Practices Act 15 U.S.C. 1692g Section 809.

Third-Party Plaintiff alleges that QUALITY LOAN SERVICE CORPORATION, HAD NO LAWFUL AUTHORITY TO sell Third-Party Plaintiff's property because it is in a New York Trust (BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2) governed by New York Trust Law and Registered with Security Exchange Commission under Federal Law, therefore California state Courts did not have Jurisdiction, In personam Jurisdiction, Subject Matter Jurisdiction and In REM Jurisdiction.

NOTICE OF REMOVAL

On January 17, 2012 Plaintiff/Third-Party Defendant WELLS FARGO BANK, N.A., SUCCESSOR BY MERGERT TO WELLS FARGO BANK MINNESOTA, N.A. FKA NORWEST BANK MINNESOTA, N.A., SOLELY AS TRUSTEE filed an Unlawful Detainer Action against Defendant, Counter-Claimant, Third-Party Plaintiff Hector Ramirez, whereby Third-Party Plaintiff challenges of improper forum were completely ignored by the state court.;

**SEE UNLAWFUL DETAINER EXHIBIT 7**

This court is the proper forum for this matter to be heard.

On February 08, 2012 Third-Party Plaintiff filed NOTICE OF NON CONSENT TO ALL PROCEDURES to all procedures due to duress and undue influence, and mistake. Due to discovery, third party plaintiff discover through a securitization audit that his mortgage was converted to a mortgage backed securities and placed in a New York Trust and registered with the security exchange commission by way of a pooling and servicing agreement.

**SEE NOTICE OF NON CONSENT EXHIBIT 8**

On March 23, 2012 Defendant, Counter-Claimant, Third-Party Plaintiff Hector Ramirez requested a professional Bloomberg Securitization Audit on his property by a Certified Mortgage Securitization Auditor / Bloomberg Specialist, Arthur Bernardo. Please see full report attached;

**EXHIBIT 9 SECURITIZATION ANALYSIS REPORT**

Defendant, Counter-Claimant, Third-Party Plaintiff Hector Ramirez deny, object to all unlawful fabricated documents, assignments willfully fabricated by Third-Party Defendant QUALITY LOAN SERVICE CORPORATION., as trustee, and Plaintiff WELLS FARGO BANK, N.A., SUCCESSOR BY MERGERT TO WELLS FARGO BANK MINNESOTA, N.A. FKA NORWEST BANK MINNESOTA, N.A., SOLELY AS TRUSTEE in essence of Notice of Default, Substitution of Trustee, Notice of Trustee's Sale, Trustee's Deed Upon Sale.

Third-Party Defendants QUALITY LOAN SERVICE CORPORATION., as trustee and Plaintiff WELLS FARGO BANK, N.A., SUCCESSOR BY MERGERT TO WELLS FARGO BANK MINNESOTA, N.A. FKA NORWEST BANK MINNESOTA, N.A., SOLELY AS TRUSTEE claim ownership via a wrongful sale willfully committed to deprive Defendant, Counter-Claimant, Third-Party Plaintiff Hector Ramirez of his property.

Plaintiff/Third-Party Defendant WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, N.A., FKA NORWEST BANK MINNESOTA, N.A., SOLELY AS TRUSTEE, Plaintiff and Third-Party Defendant WELLS FARGO BANK NATIONAL ASSOCIATION as Trustee, and Bear Stearns Mortgage Funding Trust 2007-AR2 as Trust and Third-Party Defendants acted in malice behavior against Third-Party Plaintiff.

NOTICE OF REMOVAL

Third-Party Defendants and Plaintiff Fabricated Counterfeit obligations entitled and sold as Residential Mortgage-Backed Securities in the form of Pass-Through Certificates herein known as "Collateralized Debt Obligations", "Mortgage Promissory Notes" deceiving Defendant, Counter-Claimant, Third-Party Plaintiff and Consumers Nationwide.

Defendant, Counter-Claimant, Third-Party Plaintiff Hector Ramirez respectfully submit to the Court conclusion of the Report issued on March 23, 2012 by Certified Mortgage Securitization Auditor **Arthur Bernardo States:**

On March 23, 2012, I researched the Bloomberg online Database at the request of HECTOR G. RAMIREZ & MARYANN RAMIREZ whose property address is 755 WEST ASTER PLACE SANTA ANA, CA 92706.

Based on the information I was provided, HECTOR G. RAMIREZ & MARYANN RAMIREZ signed a Promissory Note in favor of BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION on DECEMBER 27, 2006 with the Loan Number 17527284.

Loan Number 17527284 was identified in BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2 with the Master Servicer being JP MORGAN CHASE BANK NA FKA WAMU, the Sponsor / Seller being EMC MORTGAGE CORPORATION and the Depositor being STRUCTURED ASSET MORTGAGE INVESTMENTS II INC.

The basis of the identification of Loan Number 17527284 in BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2 was based on the following fac-tors/information from "BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2 - Loans" that corresponds exactly with HECTOR G. RAMIREZ

NOTICE OF REMOVAL

& MARYANN RAMIREZ's loan documents provided:  Loan Number 17527284; Original Amount: $967,861.00; Location of Property: CALIFORNIA; Property Type:  Single Family Residence; Zip Code: 92706.

HECTOR RAMIREZ AND MARIA ORNELAS's Note was split-apart or fractionalized, as separate accounting entities and deposited separately into Classes. Each Class is in-sured up to 30 times the face value of each Note therein, which is permissible under the Federal Reserve System.

Pursuant to my extensive research, I have found Loan Number 17527284 in twelve (12) Classes of the BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2.  These classes represent the sections that the BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2 is divided into.   Individuals invest in these Classes based on their desired maturities.   The BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2 pays interest, usually monthly, to investors and principal payments are paid out in the order of the maturity.

Below are the classes the BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2 has been divided into and their CUSIP number which is a nine (9) character alpha-numeric code identifying any North American security for the purpose of facilitating clearing and settlement of trades.

There are a total of twelve (12) classes in BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2.

Loan Number 17527284 is in the twelve (12) classes.   Six (6) classes out of the twelve (12) have been paid off.

Generally, if the Deed of Trust and the Note are not together with the same entity, there can be no legal enforcement of the Note.   The deed of trust enforces the Note and pro-vides the capability for the lender to foreclose on the property.   Thus, if the Deed of Trust and the Note are separated, foreclosure legally cannot occur.  The Note cannot be enforced by the Deed of Trust if each contains a

18

different mortgagee/beneficiary; and, if the Deed of trust is not itself a legally enforceable instrument, there can be no valid fore-closure on the homeowners' property.

No Entity can be a CREDITOR if they do not hold/own the asset in question (i.e. the NOTE and/or the property); a Mortgage Pass Through Trust (i.e. R.E.M.I.C., as defined in Title 26, Subtitle A, Chapter 1, Subchapter M, Part II §§ 850-862) cannot hold assets, for if they do, their tax exempt status is violated and the Trust itself is void ab initio. Therefore, either the Trust has either voided its intended Tax Free Status, or the asset is not in fact owned by it.

Careful review and examination reveals that this was a securitized loan. The Assignment of Mortgage pretended to be an A to D transaction when in fact the foreclosing party was hiding the A to B, B to C, and C to D facts of true sales. They also hid the legal SEC filings, governing the transaction according to our findings. But to be controlled by those SEC filings, the true original loan Note and Mortgage had to be provided by the Document Custodian certified to have been in possession of them by FEBRUARY 28, 2007. Because it was not, the claim of ownership by the Trust cannot be substantiated and the loan servicing rights not established at law by agreement.

The promissory Note has been converted into a stock as a permanent fixture. It is now a stock and governed as a stock under the rules and regulations of the SEC; hence, the requirement for the fillings of the registration statements, pooling and servicing agreements, form 424B5, etc. There is no evidence on Record to indicate that the Deed of Trust was ever transferred concurrently with the purported legal transfer of the Note, such that the Deed of Trust and Note has been irrevocably separated, thus making a nullity out of the purported security in a property, as claimed (Federal Rules of Evidence Rules 901 & 902).

BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION, was a "correspondent lender" that originated mortgage loans which in turn, was sold and transferred into a "federally-approved securitization" trust named BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2, Mortgage Pass-Through Certificates, Series 2007-AR2.

The written agreement that created the BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2, Mortgage Pass-Through Certificates, Series 2007-AR2 is a "Pooling and Servicing Agreement" (PSA), and is a matter of public record, available on the website of the Securities Exchange Commission. The Trust is also described in a "Prospectus Supplement," also available on the SEC website. The Trust by its terms set a "CLOSING DATE" On or about FEBRUARY 28, 2007. The promissory note in this case became trust property in compliance with the requirement set forth in the PSA. The Trust agreement is filed under oath with the Securities and Exchange Commission. The acquisition of the assets of the subject Trust and the PSA are governed under the law and available on the website of the Securities Exchange Commission. The Trust is also described in a "Prospectus Supplement," also available on the SEC website:

http://www.sec.gov/Archives/edgar/data/1387824/000106823807000321/exhibit_10 -1.htm

The Trust by its terms set a "CLOSING DATE" On or about FEBRUARY 28, 2007. The promissory note in this case became trust property in compliance with the requirement set forth in the PSA. The Trust agreement is filed under oath with the Securities and Exchange Commission. The acquisition of the assets of the subject Trust and the PSA are governed under the New York State law and the SEC.

The promissory Note has been converted into stock certificates as a permanent fixture. It is now a stock certificate and governed as a stock certificate under the rules and regulations of the SEC hence, the requirement for the fillings of the registration statements, pooling and servicing agreements, form 424B5, etc. there is no evidence on Record to indicate that the Deed of Trust was ever transferred concurrently with the purported legal transfer of the note, such that the Deed of Trust and Note has been irrevocable separated, thus making a nullity out of the purported security in a property, as c1amed (Federal Rules of Evidence Rule 901 & 902), 1002, 1003.

BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION was a "correspondent lender" that allegedly originated mortgage loans which in turn, was sold and transferred into a "federally-approved securitization" trust named Bear Stearns Mortgage Funding Trust 2007-AR2, Mortgage Pass-Through Certificates, Series 2007-AR2.

The written agreement that created the Bear Stearns Mortgage Funding Trust 2007-AR2, Mortgage Pass-Through Certificates, Series 2007-AR2 is a "Pooling and Servicing agreement (PSA), and is a matter of public record, available on the website of the Securities Exchange Commission. The Trust by its terms set a "CLOSING DATE" On or about FEBRUARY 28, 2007.

SEC Laws clearly state these loans must be in the trust no later than 90 days and Third-Party Plaintiff's note was not placed with the Trust within the time frame allowed by the PSA.  A complete violation of the Federal Tax Code Violation and possible Sarbanes-Oxley Act violations

The Trust agreement is filed under oath with the Prohibitions relating to Interstate Commerce and the Mails; SECURITIES ACT OF 1933 Sec. 10. Improper Prospectus information; SECURITIES ACT OF 1933 Sec. 11. Civil Liabilities on Account of False Registration Statement; SECURITIES ACT OF 1933 Sec. 12. Civil Liabilities Arising in Connection with Prospectuses and Communications; SECURITIES ACT OF 1933 Sec. 15. Aid and Abet; SECURITIES ACT OF 1933 Sec. 17. Fraudulent Interstate Transactions; SECURITIES ACT OF 1933 Sec. 22. Jurisdiction of Offenses and Suits; QUIET TITLE; 15 U.S.C. Sec. 1962g VALIDATION OF DEBTS; R.I.C.O. 18 US.C. Sec. 1962 et seq.; IS US.C. Sec. 1681 Fair Credit Reporting Act; 18 US.C. Sec. 1956 Laundering of Monetary instruments; 18 U.S.C. Sec. 495 Contracts, Deeds, and Powers of Attorney; 18 US.C. Sec. 473 Dealing in Counterfeit Obligations or Securities; 18 U.S.C. Sec. 474 Plates Stones, or Analog, Digital, or Electronic Images for Counterfeiting Obligations or Securities; California Civil Code 2929; 2923.5 et seq.; 2933; 2924; 2932.5; 2935-2937; California Business & Professions Code 17000, 17200-17210; California Civil Code 171 OC 1) Fraud and Deceit; California Civil Code 1095;

NOTICE OF REMOVAL

California Penal Code 115, 115.5, 118, 470, 182 and 32, Rescission of Trustee's

Deed Upon Sale California Civil Code 1058.5; Recoupment California Civil Code

676.6 et seq. ; California Commercial Code 3106; 3201; 3301; 3302; 3306; 3307;

3308;3309; 9601;

**INJUNCTIVE DECLARATORY RELIEF;**

On ALL CAUSES OF ACTION Third-Party Defendants and Plaintiff

continue to act in concert via constructive fraudulent, corrupt, business practices

proceeding in bad faith conscience conduct in a scheme of securities fraud and theft

of Real Property. The above mentioned violations damage, taint, and cause Slander

of title of the Subject Real Property of Defendants, Counter-Claimants, Third-Party

Plaintiff.

## JURISDICTION

Defendants, Counter-Claimants, Third-Party Plaintiffs seek original, authentic

evidence pursuant to Federal Rules of Evidence Rule 901 , Rule 902, Rule 1002 and

1003 Defendants, Counter-Claimants, Third-Party Plaintiffs Respectfully submit to

The United States District Court, Central District of California ALL 9 EXHIBITS

under Judicial Notice Federal Rules of Evidence Rule 201(b)(c)(d).

WHEREFORE: DEFENDANT, COUNTER-CLAIMANT,THIRD-PARTY

PLAINTIFF Hector Ramirez PRAY JUDGEMENT AS FOLLOWS ON ALL

CAUSES OF ACTION:

Third-Party Defendants, and Plaintiff WELLS FARGO BANK, N.A., SUCCESSOR BY MERGERT TO WELLS FARGO BANK MINNESOTA, N.A. FKA NORWEST BANK MINNESOTA, N.A., SOLELY AS TRUSTEE ORDER FOR PRODUCTION OF THE ORIGINAL WET INK PROMISSORY NOTE IN ORDER FOR DEFENDANT, COUNTERCLAIMANT, THIRD-PARTY PLAINTIFF TO MAKE COPYS OR Defendants, Counter-Claimant, Third-Party Plaintiffs as required by California Civil Code 1095, California Civil Code 2932.5, 2929.

THIRD-PARTY DEFENDANTS/PLAINTIFF WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, N.A., FKA NORWEST BANK MINNESOTA, N.A., SOLELY AS TRUSTEE, Bear Stearns Mortgage Funding Trust 2007-AR2, Mortgage Pass-Through Certificates, Series 2007-AR2, QUALITY LOAN SERVICE CORPORATION, (SPONSOR/SELLER) EMC MORTGAGE CORPORATION, (DEPOSITOR) STRUCTURED ASSET MORTGAGE INVESTMENTS II INC, (MASTER SERVICE) JP MORGAN CHASE BANK NA FKA WAMU, (CUSTODIAN) WELLS FARGO BANK, N.A, FAIL TO BE A HOLDER IN DUE COURSE.

## CONCLUSION

The sale of Third-Party Plaintiff's property does not exist without proper chain of recordation. Third-Party Plaintiff's Mortgage Backed Security was in the Trust Pool

and could not have been lawfully transferred or assigned to QUALITY LOAN

SERVICE CORPORATION.  ANY ATTEMPT TO TRANSFER THE

BENEFICIAL INTEREST OF A TRUST DEED WITHOUT OWNERSHIP OF

THE UNDERLYING NOTE IS VOID UNDER CALIFORNIA LAW.

Careful review and examination reveals that this was a securitized loan

Certified Mortgage Securitization Auditor Please see attached EXHIBIT 9 for full

Securitization Report.

## **ALL CAUSES OF ACTION**

F.R.CIV.P.13 . COUNTERCLAIM; F.R.CIV.P.14. THIRD-PARTY; F.R.CIV.P.

64(b) REPLEVIN;F.R.CIV.P.70(b) VESTING TITLE; F.R.CIV.P.81(c)

REMOVED ACTIONS; AMENDMENT IV; U.S. CONST. AMENDMENT VII;

U.S. CONST. AMENDMENT XIV; SECURITIES AND EXCHANGE ACT OF

1934 Sec. 10 SECURITIES FRAUD; SECURITIES ACT OF 1933 Sec. 5.

The organized crime committed by Plaintiff WELLS FARGO BANK, N.A.,

SUCCESSOR BY MERGERT TO WELLS FARGO BANK MINNESOTA, N.A.

FKA NORWEST BANK MINNESOTA, N.A., SOLELY AS TRUSTEE and Third-

Party Defendants QUALITY LOAN SERVICE CORPORATION., as trustee,

STRUCTURED ASSET MORTGAGE INVESTMENTS II INC, as DEPOSITOR,

BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2, MORTGAGE

PASS-THROUGH CERTIFICATES, SERIES 2007-AR2 and all Third-Party

Defendants via the fabrication of counterfeit, insolvent foreclosure documents with no valid standing to foreclose in full conscience of interstate commerce engaged in fraud via the Unlawful Foreclosure Documents being sent from Plaintiff and Third-Party Defendants via United States Postal Service with absolute intention to mislead, defraud, deceive, deceit, and deprive Defendant, Counter-Claimant, Third-Party Plaintiff and consumers nationwide from their Real Property.

PLAINTIFF WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, N.A., FKA NORWEST BANK MINNESOTA, N.A., SOLELY AS TRUSTEE BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION; EMC MORTGAGE CORPORATION; STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC.; BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2; WELLS FARGO BANK NATIONAL ASSOCIATION; JP MORGAN CHASE BANK NA FKA WAMU; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CHICAGO TITLE; QUALITY LOAN SERVICE CORPORATION; GREG ALLEN an individual; JAMES C. MORRIS an individual;. FAIL TO FIT REQUIREMENTS OF A SECURED CREDITOR. CONSIDERING AS FACT THIRD-PARTY DEFENDANT AND PLAINTIFF FAILED TO COMPLY WITH 15 U.S.C. 1692g Sec. 809 Validation of Debts prior to recording a Notice of Default against the Real

NOTICE OF REMOVAL

Property of Defendant, Counter-Claimant, Third-Party Plaintiff confirming any ownership or servicing rights of the Promissory Notes indebtedness.

Third-Party Defendants BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION FAILED to record a valid Assignment of Deed of Trust prior to foreclosing on the Real Property of COUNTERFEIT PROMISSORY NOTE ARE CONSIDERED FOR LAWFUL VALUE IN THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA.

IF PLAINTIFF WELLS FARGO BANK, N.A., SUCCESSOR BY MERGERT TO WELLS FARGO BANK MINNESOTA, N.A. FKA NORWEST BANK MINNESOTA, N.A., SOLELY AS TRUSTEE and THIRD-PARTY DEFENDANTS, BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION; EMC MORTGAGE CORPORATION; STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC.; BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2; WELLS FARGO BANK NATIONAL ASSOCIATION; JP MORGAN CHASE BANK NA FKA WAMU; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CHICAGO TITLE; QUALITY LOAN SERVICE CORPORATION; GREG ALLEN an individual; JAMES C. MORRIS an individual;, FAIL TO PRODUCE THE ORIGINAL WET INK PROMISSORY NOTES, SECURED BY THE DEED OF TRUST OF DEFENDANT, COUNTER-CLAIMANT, THIRD-PARTY PLAINTIFF REAL PROPERTY AS REQUIRED BY FEDERAL RULES OF EVIDENCE RULE 901 Authentic Evidence and RULE 1002 AND 1003 Requirement of Original. NO COPIES OR COUNTERFEIT PRODUCTION OF PROMISSORY NOTES ARE

NOTICE OF REMOVAL

1    ADMISSIBLE IN THE UNITED STATES DISTRICT COURT, CENTRAL

2    DISTRICT OF CALIFORNIA.

3          An award of Treble Damages, Intangible Damages, Land Damages, Future

4    Damages and attorney fees if attorneys were to be retained in favor of Hector

5    Ramirez against all Third-Party Defendants, and Plaintiff, jointly and severally, for

6    all damages sustained as a result of Plaintiff and Third-Party Defendants

7    wrongdoing.

8          FOR RESTITUTION AND POSSESSION OF THE PROPERTY Order for

9    Rescission California Civil Code 1058.52, Federal Rules of Civil Procedure Rule

10   64(b) Replevin, of the property Located at 755 WEST ASTER PLACE., SANTA

11   ANA, CA [92706] as Recorded in the State of California, Orange County Recorder's

12   Office and any award as The united states District Court, Central District of

13   California may deem any such further relief as proper.

14

15   I, Hector Ramirez declare under oath, penalty of perjury under Laws of the State of

16   California and The United States of America that foregoing is true and correct.

17                                              Respectfully Submitted,

18

19

20                                              Hector Ramirez

21                                              Defendant, Counter-Claimants,
                                                Third-Party Plaintiffs
22                                              in Pro Se

23

24

25

26

27

28

NOTICE OF REMOVAL

1
2
3
4
5
6
7
8

## CERTIFICATE OF FILING AND SERVICE

9
10    **I the undersigned Defendant do hereby certify that I filed an original signed copy of**

11    the above-and-foregoing Notice of Civil Rights Removal with the Orange County Superior

12    Court Clerk for the State of California and simultaneously served a true and correct copy of

13    the same on each of the following known parties to the above entitled and numbered cause as

14    follows:

15

16                          **Clerk of Court**
                **Superior Court of California, Orange County**
17                         **Central Justice Center,**
                    **700 CIVIC CENTER DRIVE WEST**
18                       **SANTA ANA, CA 92701**

19                                 **And**

20
                        **DEBORAH M. BASS ESQ,**
21                  **LAW OFFICES OF DEBORAH BASS**
                     **8961 SUNSET BLVD., SUITE 2A**
22                        **ORANGE, CA 90069**
                        **Monrovia, CA 91016**
23                      **Tel. (310) 248-3840**

24

25                             Respectfully Signed,

26

27    Friday, April 27,  2012

28

                    By: _____

                                  29
      _____
                    NOTICE OF REMOVAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Hector Ramirez, a living man
Executer, Beneficiary,
*in propia persona*

NOTICE OF REMOVAL